J-S28012-17

2017 PA Super 223

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Respondent | |
| v. | |
| TIMOTHY ALLEN PARSONS, | |
| Petitioner | No. 1016 WDA 2016 |

Petition for Review of the Order June 20, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000448-2016

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

OPINION BY OLSON, J.:                                     **FILED JULY 14, 2017**

Timothy Allen Parsons ("Parsons") purports to appeal *pro se* from the order, entered on June 20, 2016, which modified the conditions of his bail by requiring him to complete a Court Reporting Network ("CRN") evaluation.[1] We hold that Parsons' challenge is, in part, properly construed as a petition for review pursuant to Pennsylvania Rule of Appellate Procedure 1762(b)(2), which permits appellate review of bail orders pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure.  Pursuant to our authority to review bail orders under Rule 1762(b)(2), we hold that 75 Pa.C.S.A. § 3816 does not require that every defendant charged with driving under the

---

[1] A CRN evaluation is "[a] uniform prescreening evaluation procedure for all [driving under the influence ("DUI")] offenders to aid and support clinical treatment recommendations offered to the judiciary, **prior to sentencing**." 67 Pa.Code § 94.2 (emphasis added); **see** 75 Pa.C.S.A. § 3816 (emphasis added) (CRN evaluations are used "to assist the court in determining **what sentencing, probation[,] or conditions of Accelerated Rehabilitative Disposition** would benefit the person or the public.").

---

* Retired Senior Judge assigned to the Superior Court

influence ("DUI") undergo a CRN evaluation as a condition of bail. We therefore hold that the trial court erred by ordering Parsons to undergo a CRN evaluation as a condition of his bail. We also conclude that we lack authority to review Parsons' challenge to the trial court's jurisdiction over his criminal case. Accordingly, we quash the petition for review in part, grant the petition for review in part, vacate the trial court's June 20, 2016 order, and remand for further proceedings consistent with this opinion.

The factual background and procedural history of this case are as follows. At approximately 2:00 a.m. on January 22, 2016, Officer Dustin DeVault stopped Parsons' vehicle while he was driving on Dry Run Road. Officer DeVault suspected that Parsons was driving under the influence of alcohol and arrested him. Police also found a small amount of marijuana and drug paraphernalia. After releasing Parsons, police charged him via criminal complaint with a variety of offenses arising from the traffic stop. Parsons appeared at the courthouse on the date of his preliminary hearing; however, he failed to stay for the hearing. As such, a bench warrant was issued for his arrest.[2] *See* Pa.R.Crim.P. 543(D)(3)(b). On February 24, 2016, Parsons filed a petition to vacate the bench warrant. The petition was granted that same day and Parsons was released on recognizance, a type of

---

[2] Pursuant to Pennsylvania Rule of Criminal Procedure 543(D)(3)(a), the preliminary hearing was conducted despite Parsons' failure to appear.

bail that imposes no conditions beyond those required by Pennsylvania Rule of Criminal Procedure 526(A). **See** Pa.R.Crim.P. 524(C)(1).

On April 15, 2016, the Commonwealth charged Parsons via criminal information with DUI – general impairment,[3] resisting arrest,[4] possession of a small amount of marijuana,[5] possession of drug paraphernalia,[6] and four summary traffic offenses. On June 16, 2016, Parsons appeared before the trial court for what the trial court described as "plea court". Trial Court Opinion, 8/30/16, at 2. Although the record is unclear as to whether Parsons intended to plead guilty at that hearing, when the trial court learned that Parsons had not undergone a CRN evaluation it did not give him that opportunity. Instead, the trial court modified the conditions of Parsons' bail by requiring him to complete a CRN evaluation. Parsons filed a motion to reconsider, which the trial court denied.[7]

On July 12, 2016, Parsons filed a purported notice of appeal. On July 21, 2016, the trial court ordered Parsons to file a concise statement of errors

---

[3] 75 Pa.C.S.A. § 3802(a)(1).

[4] 18 Pa.C.S.A. § 5104.

[5] 35 P.S. § 780-113(a)(31)(i).

[6] 35 P.S. § 780-113(a)(32).

[7] The order denying the motion for reconsideration is included in the certified record; however, the order does not appear on the trial court docket. We construe this motion for reconsideration as the application to the trial court required under Pennsylvania Rule of Appellate Procedure 1762(b)(1).

complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On August 8, 2016, Parsons filed his concise statement. On August 30, 2016, the trial court issued its Rule 1925(a) opinion. On August 25, 2016, this Court issued a rule to show cause why Parsons' notice of appeal should not be quashed. On September 6, 2016, Parsons filed a response to the rule to show cause. On December 5, 2016, this Court discharged the rule to show cause and deferred the jurisdictional issue to merits review.

Parsons presents two issues for our review:

1. [Did the trial court have jurisdiction over this criminal case?

2. Did the trial court err in requiring Parsons to undergo a CRN evaluation?]

Parsons' Brief at 3.[8]

Preliminarily, we must determine whether we have jurisdiction in this case. The Commonwealth argues that we lack jurisdiction because Parsons appealed from an interlocutory order. This argument misapprehends the rules of appellate procedure.

Pennsylvania Rule of Appellate Procedure 1762(b)(2) provides that "[a]n order relating to bail shall be subject to review pursuant to Chapter 15" of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1762(b)(2). When a defendant files a notice of appeal from an order relating to bail,

---

[8] Parsons raises other issues in the argument section of his brief; however, those issues are waived as they cannot be decided on the basis of the certified record. *See* Pa.R.A.P. 1513(d)(5).

instead of a petition for review, this Court "will regard the appeal as a [p]etition for review[.]" **Commonwealth v. Jones**, 899 A.2d 353, 354 n.1 (Pa. Super. 2006).[9]

The trial court's June 20, 2016 order relates to bail. The trial court modified the conditions of Parsons' bail by requiring him to complete a CRN evaluation. As such, we hold that we must construe Parsons' notice of appeal as a petition for review under Rule 1762(b)(2) and we have jurisdiction to review his challenge to the merits of the trial court's order. As we construe Parsons' notice of appeal as a petition for review under Rule 1762(b)(2), we lack jurisdiction over Parsons' claim that the trial court lacks jurisdiction over his criminal case. Such a claim is outside the scope of a petition for review filed pursuant to Rule 1762(b)(2), which affirms appellate review of bail-related orders in the absence of a pending appeal. Instead, Parsons' challenge to the trial court's jurisdiction must be raised in a direct appeal from any judgment of sentence that may be imposed in this case or

---

[9] The Commonwealth relies upon **Commonwealth v. Colleran**, 469 A.2d 1130 (Pa. Super. 1983), in support of its argument that Parsons' petition for review should be quashed. **Colleran**, however, supports our determination that we have jurisdiction over this petition. In **Colleran**, this Court stated that the defendant should have filed a petition for review pursuant to Rule 1762(b) instead of a notice of appeal. **Id.** at 1131. As such, this Court quashed the defendant's notice of appeal. **Id.** In 2004, Rule 1762(b) was amended. **See** 34 Pa.B. 3870 (July 24, 2004). After that amendment went into effect, this Court in **Jones** held that, consistent with Pennsylvania Rule of Appellate Procedure 1503, we must treat an improperly filed notice of appeal as a petition for review. **Jones**, 899 A.2d at 354 n.1.

via the procedure set forth in Pennsylvania Rule of Appellate Procedure 1311.[10]

The Commonwealth also argues that Parsons' petition is untimely. This argument is without merit. The trial court's order was entered on June 20, 2016.[11] Pursuant to Pennsylvania Rule of Appellate Procedure 1512(a)(1), Parsons had 30 days to petition for review of that order. Parsons filed his notice of appeal, which we treat as a petition for review, on July 12, 2016 – 22 days after entry of the order. Accordingly, Parsons' petition for review was timely and we have jurisdiction over the portion of the petition challenging the trial court's modification of Parsons' bail.

Having determined that we have jurisdiction over Parsons' petition for review with respect to his challenge to the trial court's bail modification order, we turn to the merits of that issue. As this issue requires us to interpret a statute and a rule of criminal procedure, our standard of review is *de novo* and our scope of review is plenary. *See Grimm v. Universal Med. Servs., Inc.*, 156 A.3d 1282, 1286 (Pa. Super. 2017) (citation omitted) (interpretation of a statute subject to *de novo* review); *Commonwealth v.*

---

[10] Rule 1311 provides a mechanism by which a party may seek to appeal an interlocutory order.

[11] Although the order was dated (and filed with the clerk of courts) on June 16, 2016, it was not entered on the docket until June 20, 2016. The date the order is entered on the docket is the date the petition period begins to run. *See* Pa.R.A.P. 301(a)(1).

***Libengood***, 152 A.3d 1057, 1059 (Pa. Super. 2016) (citation omitted) (interpretation of rule of criminal procedure subject to *de novo* review).

In its Rule 1925(a) opinion, the trial court states that it modified Parsons' bail conditions to require a CRN evaluation pursuant to 75 Pa.C.S.A. § 3816. In its brief before this Court, the Commonwealth also argues that a CRN evaluation was required pursuant to section 3816.

"Interpretation of a statute is guided by the polestar principles set forth in the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 *et seq*." ***Commonwealth v. Vandyke***, 157 A.3d 535, 538 (Pa. Super. 2017) (internal quotation marks and citation omitted). "Our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review." ***Commonwealth v. Walls***, 144 A.3d 926, 932 (Pa. Super. 2016), *appeal denied*, 2017 WL 721824 (Pa. Feb. 23, 2017) (citation omitted). "[T]he best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage." ***Tillery v. Children's Hosp. of Phila.***, 156 A.3d 1233, 1244 (Pa. Super. 2017) (internal alteration, quotation marks, and citation omitted).

Section 3816 provides, in relevant part, that:

> In addition to any other requirements of the court, every person **convicted** of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and every person **offered Accelerated Rehabilitative Disposition** as a

result of a charge of a violation of section 3802 shall, prior to sentencing or receiving Accelerated Rehabilitative Disposition or other preliminary disposition, be evaluated using Court Reporting Network instruments issued by the department and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the person's involvement with alcohol or controlled substances and to assist the court in determining what sentencing, probation or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public.

75 Pa.C.S.A. § 3816(a) (emphasis added).

The plain language of section 3816(a) only requires that an individual undergo a CRN evaluation after being convicted of DUI or offered Accelerated Rehabilitative Disposition. Section 3816(a) thus presupposes the entry of a guilty plea, an offer of Accelerated Rehabilitative Disposition, or other form of conviction. It does not require that a defendant merely charged with DUI undergo a CRN evaluation. Therefore, the trial court's and Commonwealth's argument that Parsons was required to undergo a CRN evaluation pursuant to section 3816(a) is without merit.

Having determined that the trial court's statutory reasoning for requiring Parsons to undergo a CRN evaluation was incorrect, we turn to the trial court's and Commonwealth's alternative argument that requiring Parsons to undergo a CRN evaluation was a valid imposition of a nonmonetary bail condition. "To the extent practicable, [the Pennsylvania Rules of Criminal Procedure] shall be construed in consonance with the rules of statutory construction." Pa.R.Crim.P. 101(C). To that end, when interpreting a rule of criminal procedure, our goal is to ascertain the intent of

our Supreme Court. **See Commonwealth v. Baker**, 690 A.2d 164, 167 (Pa. 1997). "[T]he best indication of said intent is the plain language of a rule." **Commonwealth v. Williams**, 125 A.3d 425, 428 (Pa. Super. 2015) (internal alterations and citation omitted).

Imposition of nonmonetary bail conditions is governed by Pennsylvania Rule of Criminal Procedure 527. That rule provides that:

> When the bail authority determines that, in addition to the conditions of the bail bond required in every case pursuant to Rule 526(A), nonmonetary conditions of release on bail are necessary, the categories of nonmonetary conditions that the bail authority may impose are:
>
> (1) reporting requirements;
>
> (2) restrictions on the defendant's travel; and/or
>
> (3) any other appropriate conditions designed to ensure the defendant's appearance and compliance with the conditions of the bail bond.

Pa.R.Crim.P. 527(A).[12]

---

[12] Rule 526(A) sets forth conditions of the bail bond that are required in every case. This rule provides:

> (A) In every case in which a defendant is released on bail, the conditions of the bail bond shall be that the defendant will:
>
> (1) appear at all times required until full and final disposition of the case;
>
> (2) obey all further orders of the bail authority;
>
> (3) give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other

*(Footnote Continued Next Page)*

The language of Rule 527(A) is clear and free of ambiguity. Under the cannon of *expressio unius est exclusio alterius*, "where certain things are designated in a [rule], all omissions should be understood as exclusions." ***Commonwealth v. Richards***, 128 A.3d 786, 789 (Pa. Super. 2015), *appeal denied*, 145 A.3d 164 (Pa. 2016). In this instance, Rule 527(A) specifically states that nonmonetary bail conditions not relating to reporting or travel can be imposed "to ensure the defendant's appearance and compliance with the conditions of the bail bond." Pa.R.Crim.P. 527(A)(3). Rule 527(A) does not state that nonmonetary bail conditions may be imposed for any other reason.

The Commonwealth relies upon the comment to Rule 527 which "sets forth a few examples of conditions that might be imposed to address specific situations." Pa.R.Crim.P. 527 cmt. The six examples in the comment, however, all address nonmonetary bail conditions meant to ensure the defendant appears for future hearings and/or does not violate one of the

*(Footnote Continued)* _____

designated court bail officer, of any change of address within 48 hours of the date of the change;

(4) neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims); 18 Pa.C.S. §§ 4952, 4953; and

(5) refrain from criminal activity.

Pa.R.Crim.P. 526(A).

standard bail conditions set forth in Pennsylvania Rule of Criminal Procedure 526.[13]  None of the examples relates to situations in which nonmonetary conditions may be imposed for another reason, such as efficiency or ease with which a defendant's guilty plea may be accepted or a suitable sentence imposed.  Thus, Rule 527(A) prohibits such nonmonetary bail conditions.

Moreover, even if Rule 527(A) were ambiguous, we would conclude that it prohibits ordering a defendant to undergo a CRN evaluation as a condition of his or her bail.  When the words of a rule are ambiguous, we may look to the object to be attained in ascertaining its meaning.  **See** 1 Pa.C.S.A. § 1921(c)(4); Pa.R.Crim.P. 101(C).  In this case, the object to be obtained by imposing nonmonetary bail conditions is to ensure that the defendant appears for future court hearings and that the defendant complies with the mandatory bail conditions set forth in Rule 526.  **See** Pa.R.Crim.P. 527; **cf. Commonwealth v. Sloan**, 907 A.2d 460, 468 (Pa. 2006) (Bail "may be conditioned on terms that not only give adequate assurance that

---

[13] The one example in the comment to which the Commonwealth points is example (2) which provides: "When, for example, the defendant is known to have an alcohol or a drug problem, the bail authority could require that the defendant submit to drug or alcohol testing.  The bail authority could also require that the defendant refrain from excessive use of alcoholic beverages or from any use of illegal drugs."  Pa.R.Crim.P. 527 cmt.  Clearly, directing that defendant submit to alcohol or drug testing to ensure that the defendant is sober while he or she is out on bail serves the dual purpose of ensuring the defendant is able to appear for court proceedings and is in compliance with the general bail conditions, including that he or she is refraining from criminal activity.  There is, however, a difference between requiring that a defendant undergo random alcohol and drug screenings and requiring that a defendant undergo a thorough and detailed CRN evaluation.

the accused will appear for trial, but also assures that victims, witnesses, and the community will be protected."). This object is not obtained by imposing a bail condition requiring a defendant to undergo a CRN evaluation. As section 3816 makes clear, a CRN evaluation contemplates a thorough and professional assessment to assist our trial courts in identifying the sentencing options that would best benefit the defendant and the public. **See** 75 Pa.C.S.A. § 3816. Accordingly, we hold that the trial court lacked the authority under Rule 527 to require Parsons to undergo a CRN evaluation as a nonmonetary bail condition.

In its Rule 1925(a) opinion the trial court notes that the standard practice in Washington County is to order defendants to undergo CRN evaluations prior to adjudication of guilt. This practice stems from our Supreme Court's decision in **Commonwealth v. Taylor**, 104 A.3d 479 (Pa. 2014). In **Taylor**, our Supreme Court held that a CRN evaluation is required before a trial court may sentence a defendant convicted of DUI. **Id.** at 490-493. Thus, according to the trial court, the practice of requiring defendants to undergo a CRN evaluation prior to an adjudication of guilt permits a trial court to sentence a defendant immediately after he or she is adjudicated guilty.

This increase in judicial efficiency is laudable; however, judicial efficiency cannot trump legislative intent. Our legislature has stated that a CRN evaluation is required if a defendant has been convicted of DUI or is

offered Accelerated Rehabilitative Disposition. It has not stated that a CRN evaluation shall be done on every person charged with a DUI offense. If a defendant decides that he or she prefers to be adjudicated guilty prior to undergoing a CRN evaluation, he or she has that right. Trial judges cannot force a defendant to undergo a CRN evaluation prior to an adjudication of guilt under the guise of a bail condition. Such a bail condition violates the plain language of the rules of criminal procedure. Therefore, although our decision today may result in a small decrease in the overall efficiency of the court system in Washington County (and possibly other counties), we believe that most defendants will choose to undergo a CRN evaluation prior to an adjudication of guilt in order to reduce the number of court appearances. Nothing in our decision today should be construed as preventing this voluntary practice.

In sum, we hold that Parsons' challenge to the order requiring him to complete a CRN evaluation is properly construed as a petition for review pursuant to Pennsylvania Rule of Appellate Procedure 1762(b)(2). Thus, although we lack jurisdiction to consider Parsons' challenge to the trial court's jurisdiction over his criminal case, we do have jurisdiction over the portion of Parsons' petition challenging the trial court's order modifying his bail. We hold that section 3816 does not require that a CRN evaluation occur prior to entry of a guilty plea in a DUI case. We also hold that the trial court erred by requiring Parsons to undergo a CRN evaluation as a condition

of his bail.  Accordingly, we quash the petition for review in part, grant the petition for review in part, vacate the trial court's June 20, 2016 order, and remand for further proceedings consistent with this opinion.

Petition for review quashed in part and granted in part.  Order vacated.  Case remanded.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017