J-A09032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2977 EDA 2017 |
| NASEEM IQNAIBI, | : | |
| | : | |

Appeal from the Order August 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000882-2016

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 03, 2019**

The Commonwealth appeals an order entered in the Court of Common Pleas of Philadelphia County, granting Naseem Iqnaibi's motion to dismiss, which was filed pursuant to Pennsylvania Rule of Criminal Procedure 600.  We vacate the order of dismissal and remand for further proceedings.[1]

_____

\* Retired Senior Judge assigned to the Superior Court.

[1] We resolve this case consistently and in conjunction with the appeal in case number 3019 EDA 2017, where the Commonwealth seeks review of the order dismissing the charges against Iqnaibi's co-defendant, Asad Butt.  The material facts and issues presented in both appeals are identical.

**I.**

Iqnaibi and his co-defendant were charged with several felony offenses on November 13, 2015, stemming from the armed robbery of a massage parlor. A potential trial witness, Jim Barnes (Barnes), had been present just outside of the establishment at the time of the robbery. It was Barnes who called the police. When they arrived, Barnes described a man who he saw leaving the parlor, but that person was soon apprehended and ruled out as a suspect.

Barnes did not give a written statement to police on the date of the offenses and he did not return the calls of the detective assigned to the case. The Commonwealth disclosed Barnes' name and contact information to the defense in a timely manner. It appears that the Commonwealth did not consider Barnes to be material trial witness and did not intend to call him to the stand.

Nevertheless, in July 2016, the defense requested a statement by Barnes from the Commonwealth. The defense did so because Barnes did not respond to its investigator's calls. *See* Hearing Transcript, 8/16/2017, at 85. For unknown reasons, the Commonwealth acceded to the request and soon later, a prosecutor spoke with Barnes over the phone to arrange for him to give a statement to a detective on the case. *See* Hearing Transcript, 8/16/2017, at 89-90.

The detective did not reach Barnes until February 12, 2017, about eight months after the defense's request, and the record is unclear as to the cause of that delay.[2] The written statement was immediately disclosed to the defense, but by that time, only three days remained before the trial of February 15, 2017. Further, the document was not legible so the defense did not receive a readable copy of Barnes's statement until the day of that trial.

The defense requested a continuance so that it could prepare to address that statement and conduct a photo lineup with Barnes. The trial court granted the motion but attributed the delay to the Commonwealth. The Commonwealth objected that it had not caused the delay but the trial court overruled the objection, finding that its late disclosure of discovery required a continuance. Importantly, the trial court stated, "I'm not saying there was a lack of diligence." Hearing Transcript, 2/15/17, at 14. Further, the corresponding entry in the case docket made no mention of a ruling on due diligence: "Commonwealth request mandatory discovery (witness statement) passed the day of trial." Docket No. CP-51-CR-0000882-2016, 2/15/17, at 12.

Days prior to the next trial setting on August 16, 2017, Iqnaibi and his co-defendant each filed motions to dismiss under Rule 600. They contended

---

[2] Much of the discussion regarding the circumstances of the delay took place off-record in the trial court's chambers.

that the Commonwealth's time to try the case had expired.  The trial court held a hearing on the motions on the scheduled date of trial.  That same day, the presiding trial judge recused and the case was reassigned to a successor judge.

At the hearing on the motions to dismiss, all parties agreed that if the continuance ordered on February 15, 2017, was attributed to the Commonwealth for the purposes of Rule 600, then dismissal of the charges would be proper.[3]  The parties also agreed that the opposite was true, since excluding that period of delay would leave enough time for the Commonwealth to try the case.

The successor judge granted dismissal in reliance on the original judge's rulings concerning the subject continuance.  The Commonwealth filed a motion for reconsideration, arguing that dismissal could not be granted under Rule 600 because no finding had been made as to whether it failed to exercise due diligence at the trial setting of February 15, 2017.  In its opinion, the successor judge noted the absence of a specific ruling on due diligence by the original judge, but found the prior ruling attributing delay to the Commonwealth to be binding:

---

[3] About half a year elapsed between February 15, 2017, and the following trial setting on August 16, 2017.  The defense admitted to causing some intervening periods of delay after the case began, but it was undisputed that the Commonwealth's total period of delays would exceed the speedy trial period only if the time between the two above dates were assessed against it.

> Although the notes of testimony reflected that [the original judge] failed to rule that the Commonwealth did not do its due diligence, the notes mirrored the docket, verifying that that [the original judge] explicitly stated on the record that the continuance request that precipitated the delay was attributed to the Commonwealth.

Trial Court Order, 11/13/17, at 5.

The Commonwealth timely appealed the trial court's order of dismissal, again arguing that no finding was ever made as to whether it exercised due diligence during the pertinent time period. **See** Appellant's Brief, at 4. The Commonwealth argues in the alternative that it exercised due diligence as a matter of law even if it is determined that the trial court decided that issue to the contrary. **Id**. at 4.

## II.

The record is clear that the original trial judge declined to rule on the central question of this appeal – whether the continuance ordered on February 15, 2017, resulted from the Commonwealth's failure to exercise due diligence. The original trial judge expressly stated, "**I'm not saying there was a lack of diligence**." Hearing Transcript, 2/15/17, at 14 (emphasis added). The successor trial judge who began presiding at the hearing on Iqnaibi's motion to dismiss applied the "coordinate jurisdiction rule," which requires a successor judge to enforce a prior judge's ruling on a legal matter in the same case. **See** Trial Court Order, 11/13/17, at 4-5; **Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003). However, a successor judge can only enforce a prior ruling which has actually been made by the prior judge. As to the issue of

due diligence at the hearing on February 15, 2017, there was no decision to bind the successor judge, so the coordinate jurisdiction rule did not apply.

Rule 600 requires reversal of the subject dismissal order because a necessary finding on due diligence was never made.[4] Generally, the Rule protects the speedy trial rights of the accused, as well as society's interest in prosecuting crimes. **Commonwealth v. Watson**, 140 A.3d 696, 698 (Pa. Super. 2016). The Rule mandates that a "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). A defendant may move to dismiss the charges with prejudice once the speedy trial period has elapsed. **See** Pa.R.Crim.P. 600(D).

There are two distinct elements at play in computing the 365-day period of Rule 600. First, in order for a delay in the proceedings to be included in the computation of time, the delay must be "caused by the Commonwealth." Pa.R.Crim.P. 600(C)(1). Second, a delay which is caused by the Commonwealth must have occurred due to the Commonwealth's failure "to exercise due diligence." **Id**. Where the Commonwealth has exercised due diligence and a trial date must still be reset, the period of delay must be

---

[4] The issue here is whether a period of delay can be computed under Rule 600 without a specific finding that the delay resulted from the Commonwealth's failure to exercise due diligence. This question of law is reviewed under a *de novo* standard. **See Buffalo Township v. Jones**, 813 A.2d 659, 664 n.4 (Pa. 2002) ("Our standard of review for a question of law is de novo.").

excluded from the computation. *See Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013) ("Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence.").

Here, the absence of a ruling on due diligence regarding the subject continuance precluded the dismissal of Iqnaibi's charges. In its opinion, the successor trial judge acknowledged that the original judge "failed to rule" on due diligence as to the disputed delay. Trial Court Opinion, 11/13/17, at 5. The successor judge also declined to make that specific ruling. Yet by attributing the subject delay to the Commonwealth for speedy trial purposes, the successor judge erroneously conflated the two computation elements of Rule 600. *See* Pa.R.Crim.P. 101(C) (every rule of criminal procedure shall be "construed in consonance with the rules of statutory construction"); *see also Commonwealth v. Parsons*, 166 A.3d 1242, 1246 (Pa. Super. 2017) (criminal rules and statutes must be given effect according to their plain language).[5]

_____

[5] Iqnaibi claims that the Commonwealth failed to preserve its objection to dismissal since it did not do so in writing. He cites Pennsylvania Rule of Criminal Procedure 600(D)(3), which provides that "[a]ny requests for review of the determination in paragraph (C)(3) shall be raised in a motion or answer filed pursuant to paragraph (D)(1) or paragraph (D)(2)." However, this section of the rule is only directed at defendants, as it sets forth "remedies" for violations of the right to a prompt trial. The section imposes no requirements on the Commonwealth when opposing a defendant's motion for relief under the Rule. Thus, Iqnaibi's waiver argument has no merit.

Further, the conflicting evidence in this case clearly presents an unresolved question for the trial court as to whether the Commonwealth exercised due diligence regarding Barnes' statement.[6] On the one hand, Barnes' statement did not exist in writing until the Commonwealth produced it on February 12, 2017, and the defense received a version of it almost immediately after. There is no suggestion that Barnes' statement was either exculpatory or incriminating. The Commonwealth claimed it obtained Barnes' statement as soon as it could and that it had no intention of using the statement at trial or calling the witness to the stand. *If true*, the above facts would tend to show that the Commonwealth was diligent since Barnes' statement could have only been subject to mandatory disclosure if it was incriminating or in the form of a document. ***See*** Pa.R.Crim.P. 573(B)(1).

_____

[6] Due diligence "is a fact-specific concept that must be determined on a case-by-case basis." ***Commonwealth v. Ramos***, 936 A.2d 1097, 1102 (Pa. Super. 2007). "[I]t is for the fact finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." ***Commonwealth v. Mack***, 850 A.2d 690, 693 (Pa. Super. 2004). "An appellate court 'does not in the first instance make findings of fact and conclusions of law.'" ***Commonwealth v. Grundza***, 819 A.2d 66, 68 (Pa. Super. 2003) (quoting ***Commonwealth v. Jackson***, 346 A.2d 746, 748 (Pa. 1975)). Unless there exists a ruling on a particular matter, this Court cannot carry out "the appellate function of determining 'whether the record supports the trial court's factual findings and whether the legal conclusions therefrom are free from error.'" ***Grundza***, 819 A.2d at 68 (quoting ***Commonwealth v. Reppert***, 814 A.2d 1196, 1200 (Pa. Super. 2002)).

But on the other hand, the trial court could have rejected all or part of the Commonwealth's explanation for why the defense did not receive Barnes' witness statement until just before the trial setting on February 15, 2017. The defense requested disclosure of Barnes' statement in July 2016 and the Commonwealth for some reason agreed to obtain it. A prosecutor spoke with Barnes soon after the defense's request to schedule a meeting between him and a detective, but the meeting did not happen for another eight months. The defense finally got a legible copy of the statement on the day of the trial setting. The record is unclear as to the cause of the delay. The trial court could have found that the Commonwealth did not diligently abide by its discovery obligations, and if so, the resulting delay may be attributed to the Commonwealth for the purposes of Rule 600.

In sum, no ruling has been made as to whether the Commonwealth's failure to exercise due diligence caused the trial to be reset on February 15, 2017. The procedural history and case facts do not definitively favor either party on this point. The order of dismissal is vacated and the case remanded to the trial court so that the specific finding on due diligence may be made. A new evidentiary hearing may be held if deemed necessary by the trial court.

Order vacated. Case remanded for the trial court to make additional findings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/3/19</u>