J. S06040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FRANCIS DENNIS KINNEY, | : | No. 2480 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 16, 2019,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0006786-2018

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 08, 2020**

Francis Dennis Kinney appeals from the July 16, 2019 judgment of sentence entered by the Court of Common Pleas of Bucks County following his conviction of driving under the influence ("DUI") of alcohol and a controlled substance and possession of drug paraphernalia.[1]  After careful review, we affirm.

The trial court provided the following factual and procedural history:

> On July 5, 2018, at approximately 3:30 in the morning, a [Pennsylvania] State Trooper observed [appellant] unconscious and slumped over the steering wheel of his car which was located on the side of the off ramp of State Route 63 West in Bensalem Township.  [Appellant] submitted to a blood test which tested positive for a combination of alcohol and drugs at a level that impaired his ability to safely operate his vehicle.  His blood alcohol content was .092.  His blood

---

[1] 75 Pa.C.S.A. § 3802(d)(3) and 35 P.S. § 780-113(a)(32), respectively.

also tested positive for both fentanyl and morphine. Three empty glassine baggies were recovered from [] the center console of his vehicle.

On July 16, 2019, [appellant] entered guilty pleas to [DUI] of alcohol and a controlled substance [], in violation of 75 Pa.C.S.[A.] § 3802(d)(3),[Footnote 1] and possession of drug paraphernalia in violation of 35 P.S. § 780-113(a)(32). [Appellant] was sentenced to a term of incarceration of two months to six months for the DUI offense with a consecutive term of one year [of] probation for the drug paraphernalia offense. On July 26, [2019, appellant] filed a motion to modify and reconsider sentence. By order dated August 16, 2019, [appellant's] motion was denied. On August 23, 2019, [appellant] filed a timely notice of appeal from the judgment of sentence.

> [Footnote 1] The maximum sentence that can be imposed for this offense is three to six months. The mandatory minimum sentence is 72 hours. [**See** 75 Pa.C.S.A. § 3804(c)(1)(i).]

Trial court opinion, 10/11/19 at 1-2 (citations to the record and extraneous capitalization omitted).

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> A. Did the sentencing court fail to state sufficient reasons on the record to support a sentence in the aggravated range of the sentencing guidelines?

> B. Was a minimum sentence of sixty days [of] incarceration for a first offense driving under the influence manifestly excessive, unreasonable, and not in accordance with the sentencing norms set forth in 42 Pa.C.S.[A.] § 9721?

Appellant's brief at 4 (full capitalization omitted).

In both of his issues, appellant raises a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa.Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Id.** (citation omitted).

**Commonwealth v. Padilla-Vargas**, 204 A.3d 971, 975 (Pa.Super. 2019).

Here, appellant filed a timely notice of appeal and filed a post-sentence motion in which he alleged that the trial court imposed a manifestly excessive and unreasonable sentence not in accordance with the sentencing norms set forth in 42 Pa.C.S.A. § 9721. (**See** appellant's post-sentence motion, 7/26/19 at unnumbered page 2.) Appellant also included a Rule 2119(f) statement in his brief. (**See** appellant's brief at 9.)

We must now determine whether appellant has raised a substantial question.

> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011). Further:
>
> > A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> ***Id.*** (internal citations omitted).

***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa.Super. 2015). This court has held that a claim that a trial court does not sufficiently state its reasons for deviating from the sentencing guidelines raises a substantial question. ***Commonwealth v. Twitty***, 876 A.2d 433, 439 (Pa.Super. 2005), ***appeal denied***, 892 A.2d 823 (Pa. 2005), citing ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999), ***appeal denied***, 790 A.2d 1013 (Pa. 2001). This court has also held that a claim that the trial court failed to consider the factors enumerated in 42 Pa.C.S.A. § 9721 constitutes a substantial question. ***Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa.Super. 2016), citing ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa.Super. 2012), ***appeal denied***, 63 A.3d 776 (Pa. 2013).

Here, appellant contends that the trial court "failed to state adequate reasons on the record as to why an aggravated sentence was warranted when the case did not differ from any other driving under the influence matter." (Appellant's brief at 9.) Appellant further contends that the trial court failed "to cite or explain how [a]ppellant's sentence is in accordance with 42 Pa.C.S.[A.] § 9721(b)." (*Id.* at 10.) We, therefore, find that appellant has raised a substantial question as to both of his claims, and we shall consider this appeal on its merits. *Twitty*, 876 A.2d at 439; *Derry*, 150 A.3d at 992.

When reviewing the merits of appellant's claim, we are governed by the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015), quoting *Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa.Super. 2007) (citation omitted).

On appeal, appellant argues that the trial court failed to adequately state sufficient reasons on the record to support a sentence in the aggravated range of the sentencing guidelines. (Appellant's brief at 9.) Specifically, appellant contends that he "received an aggravated sentence on the [DUI] case not

because of aggravating factors surrounding the [DUI], but because of the [trial] court's thoughts on the negotiated sentence on the endangering the welfare [of a child] case."[2] (*Id.* at 14.) The record belies appellant's argument.

> In every case where the court imposes a sentence outside the sentencing guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015), quoting *Commonwealth v. Rodda*, 723 A.2d 212, 215 (Pa.Super. 1999), citing 42 Pa.C.S.A. § 9721(b). A trial court satisfies this requirement "when the judge states [her] reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014), quoting *Commonwealth v. Widmer*, 667 A.2d 215, 223 (Pa.Super. 1995), *rev'd. on other grounds*, 689 A.2d 211 (Pa. 1997).

During the sentencing hearing, as the trial court was imposing appellant's sentence, the court made the following remarks for the record:

> For the driving under the influence offense that occurred on July 5th of 2018, the mandatory minimum

---

[2] Under a separate docket number not related to this appeal, appellant pled guilty to one count of endangering the welfare of a child. (*See* notes of testimony, 7/16/19 at 30.) Appellant entered guilty pleas on both the instant case and the endangering the welfare of a child case in open court during the same hearing.

sentence here is 72 hours. The facts of this case, I think, warrant a more significant sentence.

I want to make it very clear that the imposition of this sentence is not based on the facts of the subsequent case. I have accepted that plea agreement, so I am not going to accept that agreement and then punish you in this case for something that happened in another case.

However, the facts of this case are very serious. You were abusing heroin at the time you were driving and then you complicated that -- aggravated that by also consuming alcohol. You were in such bad condition that you couldn't get off [interstate] 95. You stopped on an off-ramp at 3 o'clock in the morning and endangered everybody trying to get on or off of that highway.

. . . .

The fact that nobody died is amazing to me. I guess, because it was 3 o'clock in the morning, everybody had enough time to see that you were obstructing their -- the off-ramp, but I think it calls for more than 72 hours.

If you had just been pulled over for drunk driving, you would have gotten 72 hours. If you had just been pulled over and determined to be under the influence of something, you would have gotten 72 hours.

Now, here, you went far beyond the normal "I didn't realize I was drunk, Officer," kind of case. You knew darn well you shouldn't be anywhere near a car.

. . . .

Based on that, the sentence of the [trial c]ourt is that . . . you pay the cost of prosecution and you undergo imprisonment for 60 days with a maximum sentence of six months.

Notes of testimony, 7/16/19 at 27-29.

Here, the record reflects that the trial court provided the reasons for its imposition of an aggravated sentence and did so on the record and in appellant's presence. Accordingly, we find that the trial court did not abuse its discretion when it imposed an aggravated sentence in this case.

In his second issue, appellant avers that the trial court imposed an unreasonable sentence because the court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b). Additionally, appellant contends that the trial court failed to consider appellant's rehabilitative needs when imposing his sentence. (Appellant's brief at 16.) As noted in detail **supra**, the trial court provided its reasons on the record during the sentencing hearing for the imposition of an aggravated sentence. Therefore, we now turn to whether the trial court failed to consider appellant's rehabilitative needs when crafting his sentence.

This court has held that, "[w]hen imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on [] community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015), **appeal denied**, 126 A.3d 1282 (Pa. 2015), quoting **Commonwealth v. Fullin**, 892 A.2d 843, 847-848 (Pa.Super. 2006). We have further held that a sentencing court may either expressly or implicitly consider the factors enumerated in Section 9721(b).

***Commonwealth v. Peck***, 202 A.3d 739, 746-747 (Pa.Super. 2019), citing

***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007). The ***Peck*** court

cautioned, however, that this court "should not reweigh the proper sentencing

factors considered by the trial court and impose our own judgment in the place

of the trial court." ***Peck***, 202 A.3d at 747, citing ***Commonwealth v. Macias***,

968 A.2d 773, 778 (Pa.Super. 2009).

Here, the record reflects that the trial court considered appellant's

rehabilitative needs, as the court made rehabilitation part of the sentence it

imposed:

> As a condition of that sentence, you are to obtain a
> drug and alcohol evaluation and abide by any
> recommended treatment. You are to submit yourself
> to random testing twice a week.

Notes of testimony, 7/16/19 at 29. Moreover, the trial court was notified by

appellant's counsel of other rehabilitative steps undertaken by appellant

before it imposed sentence:

> [Appellant] completed the CRN evaluation[3] back in
> November, just after this DUI happened, so he
> actually took responsibility, got down to get the CRN

---

3    A CRN evaluation is "[a] uniform prescreening evaluation procedure for all [DUI] offenders to aid and support clinical treatment recommendations offered to the judiciary, prior to sentencing." 67 Pa.Code § 94.2 []; ***see*** 75 Pa.C.S.A. § 3816 [] (CRN evaluations are used "to assist the court in determining what sentencing, probation[,] or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public.").

***Commonwealth v. Parsons***, 166 A.3d 1242, 1244 n.1 (Pa.Super. 2017).

> evaluation very quickly as opposed to many clients who, as you are aware, don't do it right away. He did it.
>
> Not only did he do the CRN evaluation right away, but then he got involved in the alcohol highway safety classes and then he completed those and then he completed the services for substance abuse treatment with family services, both in intensive outpatient/general outpatient, and continues to participate in that treatment.

*Id.* at 24-25.

Based on our review of the record, we find that the trial court adequately considered the rehabilitative needs of appellant when it crafted its sentence. Indeed, the record reflects that the trial court was notified by appellant's counsel of the rehabilitation efforts appellant undertook prior to sentencing, and the trial court imposed additional rehabilitation requirements as a condition of appellant's sentence. Therefore, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/20