J-S22037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

TURRELL MARTELL BOMAR-SWEET

Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1584 MDA 2019

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000309-2019


BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED MAY 28, 2020**

Appellant, Turrell Martell Bomar-Sweet, appeals from the judgment of sentence of one to three years of confinement, which was imposed after he pleaded guilty to:  driving under the influence ("DUI") – general impairment -- incapable of safely driving – third offense; DUI – high rate of alcohol ("alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16%") – third offense; DUI – controlled substance -- combined influence of alcohol and a drug – third offense; failure to drive within single lane; careless driving; and failure to use restraint systems -- driver and front seat occupant.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), (b), (d)(3), 3309(1), 3714(a), and 4581(a)(2)(ii), respectively.

We vacate the judgment of sentence and remand for further proceedings consistent with this decision.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, dated November 12, 2019, at 1-2. Therefore, we have no reason to restate them at length here. For the convenience of the reader, we briefly note that, following his plea and sentencing, "[o]n August 12, 2019, Appellant filed a Motion for Modification of Sentence requesting that he be made Recidivism Risk Reduction Incentive ('RRRI') eligible[,]" which the trial court granted on August 29, 2019. *Id.* at 2. On September 27, 2019, Appellant filed this timely direct appeal.[2]

Appellant presents the following issue for our review:

Whether the trial court enacted an illegal sentence on Appellant by imposing an aggregate sentence of one (1) to three (3) years of incarceration for failure to obtain a court reporting network [("CRN")] evaluation?

Appellant's Brief at 4.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Lekka*, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

_____

[2] Appellant filed his statement of errors complained of on appeal on October 28, 2019. The trial court entered its opinion on November 12, 2019.

Appellant's sole contention is that he should not have been sentenced prior to receiving a CRN evaluation. Appellant's Brief at 11.

Section 3816(a) of the Vehicle Code states, in pertinent part:

In addition to any other requirements of the court, every person convicted of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) . . . shall, prior to sentencing . . . , be evaluated using [CRN] instruments issued by the department and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the person's involvement with alcohol or controlled substances and to assist the court in determining what sentencing . . . would benefit the person or the public.

75 Pa.C.S. § 3816(a). A CRN evaluation is "[a] uniform prescreening evaluation procedure for all DUI offenders to aid and support clinical treatment recommendations offered to the judiciary, prior to sentencing." 67 Pa. Code § 94.2.

Appellant is correct that a CRN evaluation is mandatory following a DUI conviction, and the trial court should have deferred sentencing until it was completed:

The plain language of section 3816(a) **requires** that an individual undergo a CRN evaluation after being convicted of DUI[.] . . . As section 3816 makes clear, a CRN evaluation contemplates a thorough and professional assessment to assist our trial courts in identifying the sentencing options that would best benefit the defendant and the public. *See* 75 Pa.C.S.A. § 3816.

***Commonwealth v. Parsons***, 166 A.3d 1242, 1247-48 (Pa. Super. 2017) (emphasis added). Accordingly, we are constrained to vacate Appellant's judgment of sentence and to remand for resentencing following Appellant's CRN evaluation.

We recognized the copious notice of the need for a CRN evaluation that Appellant received prior to sentencing, as the trial court explained:

> All DUI offenders [in Dauphin County] receive a one (1) page notice regarding the requirement for a CRN evaluation at the time of their preliminary hearing. The notice explains the purpose and procedure for obtaining a CRN evaluation as well as informs DUI offenders of the information that is required to complete the CRN evaluation. . . . Appellant would have received the one (1) page notice to DUI offenders of the requirement for a CRN evaluation at his preliminary hearings on January 31, 2017 and January 23, 2018.

Trial Court Opinion, dated November 12, 2019, at 4. Appellant does not allege that he did not receive this notice. *See* Appellant's Brief at 10-13.

Nevertheless, although we recognize that vacating Appellant's judgment of sentence and remanding for a CRN evaluation and resentencing allows Appellant to have a proverbial second bite of the apple, even though he failed to avail himself of the opportunity to have a CRN evaluation despite all of this notice of the need for said evaluation, we cannot ignore the plan language of 75 Pa.C.S. § 3816(a) mandating a CRN evaluation prior to sentencing for DUI. *See Commonwealth v. Gosselin*, 861 A.2d 996, 1000 (Pa. Super. 2004) ("[t]he basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning").

In conclusion, we remand to allow Appellant to obtain a CRN evaluation, which he must do within 30 days of the date that the certified record is returned to the trial court. The trial court may, by written order, extend the date by which Appellant must have his CRN evaluation completed if, and only if, the delay in obtaining the evaluation is directly related to the coronavirus

disease 2019 ("COVID-19") pandemic. While we would normally include a date by which the new sentencing hearing must occur after the CRN evaluation, we are reluctant to issue a specific timeline, again due to the ways in which the COVID-19 pandemic has affected court scheduling. Instead, we relinquish jurisdiction at this time, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2020