J-A14020-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN PARSONS | : | |
| | : | |
| Appellant | : | No. 1611 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 1, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000448-2016

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED SEPTEMBER 21, 2020

Timothy Allen Parsons appeals the judgment of sentence entered following his convictions for Driving under the Influence ("DUI"), Resisting Arrest, Possession of a Small Amount of Marijuana ("SAM"), Possession of Drug Paraphernalia, and traffic offenses.[1] We affirm.

This Court previously summarized the facts of this case as follows:

At approximately 2:00 a.m. on January 22, 2016, Officer Dustin DeVault stopped Parsons' vehicle while he was driving on Dry Run Road. Officer DeVault suspected that Parsons was driving under the influence of alcohol and arrested him. Police also found a small amount of marijuana and drug paraphernalia. After releasing Parsons, police charged him via criminal complaint with a variety of offenses arising from the traffic stop.

---

[1] 75 Pa.C.S.A. § 3802(a)(1); 18 Pa.C.S.A. § 5104; 35 P.S. §§ 780-113(a)(31)(i), (32).

Commonwealth v. Parsons, 166 A.3d 1242, 1244 (Pa.Super. 2017).[2]

A jury convicted Parsons of Resisting Arrest and Possession of Drug Paraphernalia, and the trial court, sitting without a jury, found him guilty of DUI, SAM, Duties at Stop Signs, and Turning Movements and Required Signals. At a sentencing hearing, the trial court stated that Parsons' DUI offense was a "first offense, third lifetime" conviction. It then sentenced Parsons to 30 days to 6 months' incarceration for DUI; a consecutive term of six to 23 months' incarceration for resisting arrest; 12 months reporting probation for possession of drug paraphernalia; 30 days reporting probation for possession of SAM; and fines for the traffic offenses. Pa.R.A.P. 1925(a) Op., filed 10/31/18, at 1-2.

The Commonwealth explained to the court that it believed the maximum sentence for the DUI conviction as a first offense was "6 months['] probation, the minimum and the maximum." N.T., Sentencing, 9/26/18, at 26. However, the trial court did not agree, stating, "Six months is the maximum. I think I can still give a sentence. I believe you're referring to the mandatory. It's still a 6 months misdemeanor." Id. at 26. Parsons objected to the sentence, arguing it was a departure from the Sentencing Guidelines. The court stated that it was departing from the Sentencing Guidelines because "[t]here is no mitigating circumstance; they're all aggravated circumstances." Id. at 27-28.

_____

[2] Prior to trial, the trial court ordered that Parsons obtain his Court Reporting Network ("CRN") and ordered that the CRN evaluation be a condition of bail. Parsons appealed and we vacated the order requiring the CRN evaluation.

Parsons then filed a post sentence motion on October 9, 2018, challenging the sufficiency and weight of the evidence, and claiming that "[n]ot all the proceedings were recorded[.]" Post-Sentence Motion, filed 10/9/18, at 2-4 (unpaginated). The trial court denied the petition as untimely. This timely pro se appeal followed. The trial court held a Grazier hearing and appointed counsel.[3] However, Parsons wrote a letter to the trial court expressing that he wished to proceed pro se. Counsel filed a motion to withdraw which the trial court granted.

Parsons raises the following claims on appeal:

1. Has jurisdiction been proven?

2. Was due process denied, substantive and procedural?

3. Did the imposed sentence exceed statutory limits?

4. Did the lower court abuse its discretion? Deviating from the sentencing guidelines without cause or reason; was adequate consideration given to the sentencing guidelines; were prescribed procedures followed imposing sentence; were alternatives other than total confinement considered; was a sentencing guideline form completed, submitted to the commission and made part of the record?

5. Was conviction based on fabrication and perjury?

6. Has the Commonwealth established jurisdiction and standing?

7. Did the Commonwealth abandon their case?

8. Did the prosecution violate the rules of professional conduct?

_____

[3] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

Parsons' Br. at 9 (suggested response and argument omitted).

The trial court maintains "that a review of [Parsons'] concise statement will reveal that it does not comport with the requirements of the Pennsylvania Rules of Appellate Procedure." Trial Ct. Op. at 11. It states that "[Parsons'] concise statement consists of one long paragraph that runs on for over five pages." Id. It therefore concludes that Parsons has waived all appellate issues, but nonetheless addresses "the merits of the issues raised in [Parsons'] concise statement. . . ." See id.

Although Parsons' Rule 1925(b) statement is a five-page document and does not number the particular issues of error, the document does state in a sufficiently clear fashion the same claims that he presents in his appellate brief. Therefore, we decline to find waiver.

Parsons' first and sixth issue raise jurisdictional challenges. "Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary." Commonwealth v. McGarry, 172 A.3d 60, 65 (Pa.Super. 2017) (citation omitted). Our standard of review is de novo. See id.

"Jurisdiction relates to the court's power to hear and decide the controversy presented." Id. at 66. All of the Courts of Common Pleas of this Commonwealth have statewide subject matter jurisdiction over cases arising under the Pennsylvania Crimes Code. Id.

Here, the officer stopped Parsons in Washington County, PA, and charged him with multiple crimes under the Crimes Code. Thus, Parsons' jurisdiction claim is meritless. See id.

Next, Parsons alleges that he was denied due process because "[p]roceedings were not pursuant to 42 Pa.C.S., Judicial Code, § 321 Court of record." Parsons' Br. at 15. He claims that "not all proceedings were recorded, including but not limited to, the hearing that the lower court construed the counterclaim as a motion for habeas corpus/dismissal." Id. He argues that the hearing should have been recorded pursuant to Pa.R.Crim.P. 115. He references a hearing where the court alleged that Parsons objected to the Commonwealth withdrawing certain charges against him. He asked the court if it could prove that he in fact objected to the withdrawal to which the court responded, "[I]t doesn't matter." Id. at 20 (citing N.T., Sentencing, 9/26/18 at 20).

Parsons has waived any review of this claim. Even a generous reading of his Rule 1925(b) statement does not disclose any mention of it. See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Parsons' third and fourth issues challenge his sentence. He alleges that the court imposed an illegal sentence because the sentence "exceeds the statutory mandatory minimum[.]" See Parsons' Br. at 23. He also maintains that the trial court failed to consider the Sentencing Guidelines and sentencing factors; complete and submit the Guideline Sentence Form; consider the

protection of the public; and consider the gravity of the offense. See id. at 25-28.

Parsons' illegal sentence claim lacks merit. Parsons alleges that the "sentence imposed for DUI § 3802(a)(1), general impairment, a tier 1, first offense, an ungraded misdemeanor, exceeds the statutory mandatory minimum at 75 Pa.C.S. §3804(a)(1)." Id. at 23. Section 3804 provides that the mandatory minimum sentence for a conviction under Section 3802(a) as a first offense is six months' probation.

The trial court sentenced Parsons' to 30 days to six months' incarceration. That sentence was lawful because it was greater than the mandatory minimum and less than the statutory maximum. Parsons seems to believe incorrectly that "mandatory minimum" indicates a precise sentence that the court is duty-bound to impose, and not exceed. Such is not the case. Rather, a "mandatory minimum," where it applies, is the baseline sentence, and the court then exercises its discretion to fashion what it determines is an appropriate sentence. Here, the trial court acknowledged the mandatory minimum at the sentencing hearing. N.T., Sentencing, at 26. While the court did impose a sentence beyond the mandatory minimum, the sentence imposed was still less than the statutory maximum, and within the Sentencing Guidelines. See Commonwealth v. Ziegler, 112 A.3d 656, 662 (Pa.Super. 2015) (concluding appellant's claim of illegal sentence was meritless where the court did not sentence appellant pursuant to mandatory statute and instead pursuant to standard guideline sentence range).

Parsons' remaining sentencing issues challenge the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentence is not guaranteed but rather an appellant wishing review of such claims must first satisfy a four-part test. We must determine whether Parsons: 1) filed a timely notice of appeal; 2) preserved his issues at the sentencing hearing or in a post-sentence motion; 3) included a Pa.R.A.P. 2119(f) statement in his brief; and 4) raised a substantial question. Commonwealth v. Carrillo-Diaz, 64 A.3d 722, 725 (Pa.Super. 2013).

Here, although Parsons filed a timely notice of appeal, he did not preserve his discretionary sentencing claims. His post-sentence motion did not challenge his sentence, and at the sentencing hearing, he did not raise the specific discretionary sentencing claims he now wants us to review. Rather, he at best argued that the court had failed to consider mitigating factors, and that is not one of the claims he now makes. As such, Parsons has waived review of them. See Commonwealth v. Tejada, 107 A.3d 788, 799 (Pa.Super. 2015) (finding defendant waived discretionary sentencing by not raising it at sentencing or in a post-sentence motion).

Next, Parsons next issue questions whether his conviction was "based on fabrication and perjury?" Parsons' Br. at 9. Parsons' fails to develop this claim. An argument supporting this claim does not appear in Parsons' brief and as such the claim is waived. See Commonwealth v. Perez, 93 A.3d 829, 838 (Pa. 2014) (concluding where "appellant's claims fail to contain

developed argument or citation to supporting authorities and the record, they are waived").

Parsons next claim alleges that the Commonwealth "abandoned the case." Parsons' Br. at 29. He states that "[t]he docket contains no valid entries by the Commonwealth" and shows "the court of common pleas-Washington county as the filer" of most documents, whereas at a hearing "the lower court claimed to be the court of common pleas." Id. He also asserts that he filed a document that the docket incorrectly attributes to the Commonwealth. Id. We are at a loss to understand Parsons' point, as he was tried and convicted in the Court of Common Pleas of Washington County. His brief offers little help, as Parsons' argument on this issue consists of six sentences and he has not offered any citations to authorities to support his argument. The claim is incomprehensible and undeveloped, and therefore waived. Perez, 93 A.3d at 838.

Parsons' final claim alleges prosecutorial misconduct. Parsons claims that in this case prosecutorial misconducted existed because "[t]he record contains no determination of the validity of the evidence." Parsons' Br. at 30. It appears that Parsons believes that the prosecutor engaged in misconduct by not offering "any evidence establishing the validity of the affidavit of probable cause." Parsons' Br. at 30. Parsons fails to develop this argument. He does not direct this Court to authority holding that the Commonwealth was required to prove the validity of the affidavit of probable cause. Moreover, the

court found him guilty, which constitutes the "determination of the validity of the evidence" that Parsons claims was absent.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2020