2021 PA Super 25

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDAN J. CARTER | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2020 |

Appeal from the Order Entered October 26, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001982-2019,
CP-40-CR-0001983-2019, CP-40-CR-0001984-2019,
CP-40-CR-0001985-2019, CP-40-CR-0001986-2019,
CP-40-CR-0001987-2019, CP-40-CR-0001988-2019,
CP-40-CR-0001989-2019, CP-40-CR-0001990-2019

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.*

OPINION BY BOWES, J.:                    **FILED FEBRUARY 23, 2021**

Brendan J. Carter appeals from the October 26, 2020 order denying his motion for bail pending sentencing and appeal. As Appellant failed to follow the now-applicable procedures to invoke this Court's jurisdiction to review the denial of bail, we quash this appeal as interlocutory.[1]

---

[1] It also appears that Appellant may have violated the mandates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), by filing a single notice of appeal from an order that pertained to multiple dockets. However, given the posture of this case, we lack the certified records necessary to ascertain whether ***Walker*** was violated, or whether Appellant separately filed identical notices at each docket as is permissible under ***Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa.Super. 2020 (*en banc*). Since this appeal must be quashed on another basis, we need not definitively establish Appellant's ***Walker*** compliance or lack thereof.

\* Former Justice specially assigned to the Superior Court.

Given our disposition, a detailed history of the case is unnecessary. In short, following a trial on charges filed at nine trial court dockets, a jury convicted Appellant of numerous child sex crimes including institutional sexual assault and solicitation of child pornography, and the trial court revoked Appellant's bail. Appellant filed a request for bail pending sentencing and appeal, which the trial court denied after a hearing by an order entered on all nine dockets on October 26, 2020.

Appellant filed a notice of appeal from that order on November 13, 2020. The Commonwealth filed a response advocating for quashal of this interlocutory appeal because Appellant filed a notice of appeal rather than a petition for specialized review under Chapter 16 of the Rules of Appellate Procedure. This Court then issued a rule to show cause why the appeal should not be quashed. Appellant responded with a concession that his notice of appeal was improperly filed from an interlocutory order and a request that this Court treat the notice of appeal as a petition for review pursuant to Chapter 15 of the Rules of Appellate Procedure.

As such, this appeal thus causes us to examine the current procedures for obtaining appellate review of interlocutory orders relating to bail following recent amendments to the Rules of Appellate Procedure. From 2004 to 2020, Pa.R.A.P. 1762(b) provided "a simple dichotomy in procedures for seeking appellate review of lower court orders relating to bail[.]" Pa.R.A.P. 1762, Explanatory Comment, 2004. If no appeal was pending, a request for bail

was to be first presented to the trial court, with the decision "'subject to review pursuant to Chapter 15' of the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Parsons***, 166 A.3d 1242, 1245 (Pa.Super. 2017) (quoting then-applicable Pa.R.A.P. 1762(b)(2)). If an appeal was already pending, the request still was to be initially presented to the trial court, with review available through an ancillary application for relief filed pursuant to Pa.R.A.P. 123.

Under this version of the rules applicable from September 2004 to August 2020, when an appellant improperly filed a notice of appeal from an interlocutory order denying bail, this Court would not quash or dismiss the appeal. Instead, Pa.R.A.P. 1503 instructed that we treat the notice of appeal as a petition for review filed pursuant to Chapter 15 of the rules. ***See Parsons***, ***supra*** at 1245; ***Commonwealth v. Jones***, 899 A.2d 353, 354 n.1 (Pa.Super. 2006) ("If an appeal is taken improvidently from an order of [court], the papers related to that appeal shall be regarded and acted upon as a petition for review [as provided by] Pa.R.A.P. 1503.").

Were these rules still in place, we would proceed as Appellant suggests and deem his notice of appeal to be a Chapter 15 petition for review. However, they are not. The Rules of Appellate Procedure were amended, effective August 1, 2020, "to reorganize Chapter 15 and to create a new Chapter 16, with the goal of limiting Chapter 15 to traditional administrative agency appeals, certain other enumerated appeals from similar adjudications or other

actions, and original jurisdiction actions against the Commonwealth." 46 Pa. Bull. 2518 (May 21, 2016).

The new framework removed from Chapter 15 review of orders regarding bail, which fall outside of "traditional administrative agency appeals." Under the version of Rule 1762 in place at the time the trial court denied Appellant's bail request and Appellant filed the instant appeal, appellate review of a trial court order relating to bail was "subject to review pursuant to Chapter 16" of the Rules of Appellate Procedure. **See** Pa.R.A.P. 1762(b)(2). Correspondingly, Rule 1610, entitled "Review of Bail Orders," indicates that Chapter 16's rules concerning petitions for specialized review apply to Rule 1762(b) trial court orders "granting or denying release or modifying the conditions of release before sentence[.]" Pa.R.A.P. 1610. As further confirmation of the change from the prior procedure, Rule 1501 now expressly states that Chapter 15 does **not** govern appeals that are within the scope of Chapter 16. **See** Pa.R.A.P. 1501(b)(4)).

Chapter 15 and Chapter 16 each contains provisions regarding the form, content, filing, and service of the respective petitions, with some notable differences. For example, Chapter 15 authorizes no responsive pleading to a petition for review, while the Chapter 16 rules governing a petition for specialized review allows an opposing party to file a response within thirty days of the service date of the petition. Critically, Chapter 16 contains no provision analogous to Pa.R.A.P. 1503 directing us to treat an improvident

appeal as a petition for specialized review rather than to quash it as interlocutory.

Given the absence of a Chapter 16 rule directing a filing that should have been labeled a petition for specialized review to be regarded as such a petition, our decisions in *Jones* and *Parsons* have been superseded by the amendments to the rules.[2]  *Accord Parsons*, *supra* at 1245 n.9 (noting that this Court's decision in *Commonwealth v. Colleran*, 469 A.2d 1130, 1131 (Pa.Super. 1983), to quash an interlocutory appeal from a Rule 1762 order revoking bail had been superseded by the 2004 amendments to the rules).

If our Supreme Court had intended the new framework to continue the practice of treating improvident appeals from bail orders as if they were the type of petition that should have been filed, presumably it would have included a provision comparable to Pa.R.A.P. 1503 within Chapter 16.  In other words, we must assume the omission of such a provision manifests the High Court's intent to disallow the regarding of an improperly-filed notice of appeal as a petition for specialized review.  *See Commonwealth v. Hoke*, 962 A.2d 664, 669 (Pa. 2009) ("[O]mission of a given provision from one of two similar

---

[2] We further observe that Rule 1503 is based upon 42 Pa.C.S. § 708, which governs "Improvident administrative appeals and other matters."  The fact that the 2020 amendments were designed to remove from Chapter 15 matters other than appeals from administrative agencies and similar matters lends additional support to the notion that Rule 1503's scope is limited to Chapter 15 petitions.

statutes evidences a different legislative intent regarding the two.").[3] We may not of our own accord write a Rule 1503-like provision into Chapter 16, as this Court lacks the authority to create procedural rules. *See Commonwealth v. Liston*, 977 A.2d 1089, 1093 (Pa. 2009) ("The power to establish rules of procedure rests exclusively in this Court.").

Therefore, we conclude that Appellant has filed a notice of appeal from an unappealable, interlocutory order. Thus, we lack jurisdiction to consider the merits of Appellant's claim.[4]

Appeal quashed.

---

[3] "[W]e must, to the extent not inconsistent with any express provision of the appellate rules, construe our Rules of Appellate Procedure in consonance with the rules of statutory construction." *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018).

[4] Appellant filed in this Court a separate application for bail pending sentencing and appeal. As discussed above, even when an appeal is pending before this Court, applications for bail are to be first addressed to the trial court pursuant to Pa.R.A.P. 1762(a). If party is dissatisfied with the result, he or she may seek this Court's review through a Pa.R.A.P. 123 application for relief. As the Commonwealth astutely observed, "The Superior Court is not equipped to handle a bail hearing, which requires the taking of evidence, nor does it have original jurisdiction to consider bail." Commonwealth's Response to Notice of Appeal and Application Filed Regarding Bail Pending Appeal, 12/14/20, at unnumbered 4. Accordingly, we deny Appellant's application without prejudice for him to seek the requested relief in the trial court pursuant to Pa.R.A.P. 1762(a) when his direct appeal from his judgment of sentence is pending before this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>02/23/2021</u>