J-S14008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIEGO JEREMIAS GUZMAN | : | |
| | : | |
| Appellant | : | No. 672 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 28, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005112-2021

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JUNE 26, 2023**

Diego Jeremias Guzman appeals the judgment of sentence entered following his guilty plea to two counts of simple assault. Guzman claims he was illegally detained when the trial court ordered he be held in jail without bail for 6 months while awaiting trial. However, because Guzman failed to file a petition for specialized review of the bail order, he has waived this claim. We therefore affirm.

Because the procedural history is central to the only issue raised on appeal, we focus on that history. The Commonwealth charged Guzman with aggravated assault, strangulation, and simple assault after police responded to a domestic disturbance call.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On July 2, 2021, Guzman was arraigned and given an unsecured bond. After failing to appear for his preliminary hearing on July 31, 2021, a bench warrant was issued for his arrest. On September 7, 2021, the trial court revoked Guzman's bond. The Commonwealth subsequently learned that Guzman was being held in the Beaver County Jail for reasons related to immigration and filed a petition for writ of *habeas corpus ad prosequendum* requesting Guzman be transferred to the Allegheny County Jail for a September 27, 2021 bail hearing.[1] ***See*** Petition, 9/21/21. Further, the petition requested that Guzman be held in Allegheny County Jail without bond until the conclusion of the case. ***See id.*** The trial court granted the *habeas* petition and Guzman was transported to Allegheny County. ***See*** Trial Court Order, 9/21/21.

The trial court subsequently denied Guzman bail. ***See*** Bail Certification, 9/27/21. The certification does not set forth any reasoning for the denial of bail. There is no indication in the record that a bail hearing was held prior to the entry of the bail certification. And notably, defense counsel did not enter an appearance in this case until October 13, 2021.

The case proceeded through several continuances, with no action on bail, until Guzman filed a motion to modify bond and vacate the order in early

---

[1] A *writ of habeas corpus ad prosequendum* is generally accepted to mean an order directing removal of a prisoner from his current place of incarceration "in order to prosecute him in the proper jurisdiction wherein the offense was committed." ***U.S. v. Mauro***, 436 U.S. 340, 357 (1978).

March 2022. In this motion, Guzman argued that the September 21, 2021 order created an illegal detention. **See** Motion, 3/11/22, at ¶ 11. In support, Guzman claimed his immigration detainer had automatically expired after 48 hours since federal immigration officials had not assumed custody of him. **See id.** at ¶ 20. He therefore contended that the trial court erred in summarily denying bail without first considering the appropriate factors under our Rules of Criminal Procedure. **See id.** at ¶ 28. He requested to be released on non-monetary bail. **See id.** at ¶¶ 30, 38.

After a hearing, the trial court denied the motion. **See** Trial Court Order, 3/24/22. Guzman filed a notice of appeal from this order, but this Court quashed the appeal *sua sponte* because Guzman "challenged the order through a notice of appeal rather than a petition for specialized review" pursuant to Pa.R.A.P. 1762(b)(2). **See Commonwealth v. Guzman**, 520 WDA 2022 (Pa. Super. filed Nov. 10, 2022) (unpublished order) (citing **Commonwealth v. Carter**, 247 A.3d 27, 30 (Pa. Super. 2021) (quashing appeal where appellant filed a notice of appeal, as opposed to a petition for specialized review, from an order denying bail pending sentencing and appeal)).

On April 28, 2022, Guzman pled guilty to two counts of simple assault and was sentenced to three to six months' incarceration, followed by 15 months of probation. Guzman was ordered to be released within 48 hours of the imposition of sentence. Guzman then filed the instant appeal.

On appeal, Guzman raises the following question for our review:

Whether the motions court erred in denying [] Guzman's motion to modify bond and vacate its order granting the Commonwealth's petition for writ of *habeas corpus ad prosequendum*, where the Commonwealth's *habeas* petition, and the motions court's order granting the same, resulted in [] Guzman suffering an illegal detention pursuant to federal immigration law?

Appellant's Brief, at 6.[2]

Guzman restates his claim that the trial court erred in denying his motion to modify bond and vacate its order granting the Commonwealth's *habeas* petition. ***See id.*** at 17, 30. He asserts the trial court erred in revoking his bail prior to any hearing, based solely on his confinement as an immigration prisoner in Beaver County Jail. ***See id.*** at 28.

Appellate review of the trial court's order denying Guzman's "Motion to Modify Bond and Vacate Previous Order of Court" is subject to Chapter 16 of the Rules of Appellate Procedure ***See*** Pa.R.A.P. 1610; ***see also*** Pa.R.A.P. 1762(b) ("An order relating to bail shall be subject to review pursuant to Chapter 16."); ***Carter***, 247 A.3d at 30. Chapter 16 requires appellants to file a petition for specialized review when seeking appeal from orders subject to the chapter. Pursuant to Pa.R.A.P. 1602(a), a petition for specialized review

_____

[2] To the extent Guzman seeks relief for any decision other than the denial of bail, we note that he did not preserve such an issue by first presenting it to the trial court. As described previously, his motion in the trial court sought only immediate release on non-monetary bail. As this was the only issue presented to the trial court, Guzman has waived any argument that he was entitled to other relief. ***See*** Pa.R.A.P. 302(a).

must be filed within 30 days after the entry of the order sought to be reviewed. *See* Pa.R.A.P. 1602(a).

As such, Guzman was required to file a petition for specialized review within 30 days of the entry of the order denying bail modification. As noted above, he failed to do so.

Chapter 16 does not specify whether such a failure to timely file a petition for specialized review results in waiver of a challenge to a bail order. And, as detailed in *Carter*, current Chapter 16 was created by amendments effective in 2020. *See Carter*, 247 A.3d at 29. Case law filed prior to 2020 is therefore of limited value in assessing the Supreme Court's intent as expressed in Chapter 16. Nonetheless, we conclude that challenges to bail orders are generally waived if not challenged under Chapter 16 based upon the language of Chapter 16.

We acknowledge that appeals from final orders generally permit review of prior, interlocutory orders in the case. *See Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012). However, we note that Rule 311 sets forth several classes of non-final orders from which a party nonetheless has the right to file an immediate appeal. *See* Pa.R.A.P. 311(a)-(f). In turn, Rule 311 specifically addresses the consequences of a failure to file such an immediate appeal as of right. *See* Pa.R.A.P. 311(g). Subsection (g) explicitly provides that such a failure will not result in waiver except in certain specified circumstances. *See id.*

Chapter 16 is similar to Rule 311 in that it provides a right to immediate review of otherwise interlocutory orders. In contrast with Rule 311, though, Chapter 16 does not include a provision explicitly addressing waiver. Had the Supreme Court wished to treat Chapter 16 similarly to Rule 311, it would have included a provision similar to Rule 311(g). The absence of such a provision indicates an intent to treat Chapter 16 differently. **See Carter**, 247 A.3d at 30 ("we must assume the omission of such a provision manifests the High Court's intent…").

Further, the procedure set forth in Chapter 16 evinces the Supreme Court's recognition of the time-sensitive nature of a review of an order addressing bail. To that end, Chapter 16 sets forth an expedited procedure for placing an issue before this Court for decision. No briefing is permitted; the petition must "present all contentions and arguments relied on with accuracy, brevity, and clarity." Pa.R.A.P. 1603(d). The petition is also strictly limited in length. **See** Pa.R.A.P. 1603(e). Any response to the petition must be filed within 30 days of service of the petition. **See** Pa.R.A.P. 1605. And the response is subject to the same strict limitations on length. **See id.** In other words, under Chapter 16 it is possible to generate a decision on the merits within 90 days of the entry of the order addressing bail.

This expedited procedure is necessary to avoid the issue of bail becoming moot. Pre-trial bail functions as a protection against extended imprisonment of defendants prior to trial. As such, an appellate court is

generally incapable of granting a defendant any meaningful relief once judgment has been rendered.[3] ***See Commonwealth v. Abed***, 989 A.2d 23, 28 (Pa. Super. 2010); ***see also Commonwealth v. Myers***, 86 A.3d 286, 293-94 (Pa. Super. 2014). As such, Chapter 16 is designed to prevent bail claims from being capable of repetition yet evading appellate review. ***See, e.g., Abed***, 989 A.2d at 28. Here, Guzman implicitly acknowledges the absence of any concrete remedy in his brief: "Based on the foregoing, Mr. Guzman … respectfully requests this Honorable Court … afford whatever relief the law, justice, and fundamental fairness require." Appellant's Brief, at 31.

For these reasons, we infer that a petition for specialized review under Chapter 16 is required to preserve a claim of trial court error in addressing a request for pre-trial or pre-sentence bail. As applied here, we conclude Guzman failed to preserve the sole issue in his appellate brief by failing to file a petition for specialized review within 30 days of the order denying his motion to modify bail.

Judgment of sentence affirmed.

_____

[3] Obviously, an appellate court could still grant relief in the form of bail pending further appeal to the extent that it is relevant. Here, however, Guzman has raised no other challenges to his judgment of sentence. Further, there is no indication that Guzman has requested bail pending further appeal. Finally, we note that Guzman has not raised a claim that he failed to receive credit against his sentence for the time he was imprisoned.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023