J-M06004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :
           v.                           :
                                        :
                                        :
TROY ANTHONY SINGLETON            :
                                        :
              Petitioner            :       No. 81 MDM 2025

Appeal from the Orders of November 14, 2025,
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002322-2025, CP-67-CR-0002323-2025, and
CP-67-CR-0003286-2025

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
           v.                           :
                                        :
                                        :
TROY ANTHONY SINGLETON            :
                                        :
              Petitioner            :       No. 82 MDM 2025

Appeal from the Orders of November 14, 2025,
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002322-2025, CP-67-CR-0002323-2025, and
CP-67-CR-0003286-2025

BEFORE: LAZARUS, P.J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:       **FILED: JANUARY 22, 2026**

      Troy Anthony Singleton ("Petitioner") has filed petitions for specialized

review of the trial court's November 14, 2025 orders denying his November

3, 2025 motions for nominal bail following a hearing.[1]  *See* Pa.R.A.P. 1610 (providing for review of, inter alia, order modifying conditions of release before sentence via petition for specialized review); Pa.R.A.P. 1762(b)(2) (providing order relating to bail when no appeal pending subject to review pursuant to Chapter 16 of Rules of Appellate Procedure); *Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024) (holding review of petition for specialized review involving juvenile out-of-home placement order mandatory); *Commonwealth v. Miller*, 319 A.3d 575 (Pa. Super. 2024) (applying *N.E.M.* to petitions for specialized review of bail filed under Rule 1610).  The Commonwealth filed an answer to the petitions for specialized review.  The trial court has filed a statement of reasons in support of the bail orders.  *See* Pa.R.A.P. 1762(e).

Petitioner stands charged with delivery of a controlled substance, possession of a firearm prohibited,[2] and possession with intent to deliver a controlled substance, stemming from several controlled buys of cocaine

---

[1] Petitioner filed two petitions for specialized review which reference three trial court dockets—CP-67-CR-0002322-2025, CP-67-CR-0002323-2025, and CP-67-CR-0003286-2025.  Although *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), requires the filing of separate notices of appeal when a single order resolves issues arising from more than one trial court docket, its holding has not been held to apply to petitions for specialized review as of yet.  *Cf. Commonwealth v. Carter*, 247 A.3d 27, 28 n.1 (Pa. Super. 2021) (declining to determine appellant's compliance with *Walker* or lack thereof in light of the ultimate decision to quash the appeal from the denial of a presentence bail order involving multiple trial court dockets).

[2] Petitioner was prohibited from possessing a firearm because of a prior conviction for manufacturing a non-controlled substance, 35 P.S. § 780-113(a)(35).

conducted by police and following the execution of a search warrant at Petitioner's residence where cocaine, cash, a firearm, and drug distribution paraphernalia were recovered. Petitioner's phone number also matched that of the number used in the controlled buys. At the time he was charged, Petitioner was on parole, had a prior felony drug conviction, and had been convicted of flight to avoid apprehension and escape. He has been detained since March 2025. Petitioner's request for nominal bail under Pa.R.Crim.P. 600(D)(2) (regarding defendant held in pretrial incarceration beyond 180 days from date on which complaint filed) was denied following a hearing. Trial is currently scheduled to commence the week of January 26, 2026.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. ***Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa. Super. 2003). The "scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Commonwealth v. Talley***, 265 A.3d 485, 527 (Pa. 2021). The trial court's denial of bail should be affirmed "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." ***Id.***

The right to bail, with certain exceptions, is enshrined in Article I, Section 14 of the Pennsylvania Constitution, providing in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]

Pa. Const. art. I, § 14. Our Supreme Court has concluded that:

> a trial court may deny bail under Article 1 Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense[;] (2) committed an offense that carries a maximum sentence of life imprisonment[;] or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

***Talley***, 265 A.3d at 525-26. The Court also provided a non-exhaustive list of factors a trial court should consider in reviewing bail, including: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[3] ***Id.*** at 525. The Court stated that "[i]f the balance

---

[3] These factors largely mirror factors set forth in Rule 523(A) which include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the condition of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8)
*(Footnote Continued Next Page)*

of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

Petitioner argues that the Commonwealth failed to establish with legally competent evidence that no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community. *See* Petition, at 2-3. He claims that the Commonwealth's sole witness, a detective assigned to the county drug task force, essentially recited the affidavit of probable cause and that no testimony was presented in support of the Pa.R.Crim.P. 523(A) release criteria factors. *Id.* at 6. Petitioner argues that neither his dangerousness, connection of the drug sales to the gun, nor compliance with supervision requirements was addressed at the hearing. *Id.* at 4. In light of the fact that the burden is on the Commonwealth to demonstrate that it is substantially more likely than not that the accused will harm someone if he is released and that there is no condition of bail within the court's power that can reasonably prevent him from inflicting that harm, Petitioner claims the Commonwealth failed to explain how appropriate supervised bail conditions, such as GPS or electronic home monitoring, would be insufficient to protect the community. *Id.* at 3-4; N.T. Bail Hearing,

---

the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

11/14/25, at 10. He adds that equating the general dangerousness of an offense or abstract community harm with the required specific proof that he is substantially likely to harm someone is insufficient to deny him the constitutional right to pre-trial bail. *Id* at 5. Moreover, Petitioner asserts that the trial court's stated reasons for denying bail reflect "scant consideration" of the constitutional mandate of "evident proof" or "presumption great" justifying the denial of bail. *Id.* at 6.

The Commonwealth argues that no bail conditions can reasonably ensure the safety of the community in light of Petitioner's propensity for dealing drugs where he persisted in delivering drugs while on parole supervision. *See* Answer, at 4 (unpaginated). The Commonwealth links drug trafficking to violence in the community generally, as well as to those addicted to drugs, especially where a combination of a gun and drugs are involved. *Id.* at 6-7. Petitioner's prior convictions for flight and escape, as well as his lack of employment since the beginning of 2023, are also cited as reasons in favor of denying nominal bail. *Id.* at 8. At the bail hearing, the Commonwealth conceded that Petitioner has been incarcerated for over 180 days, but elicited testimony from an experienced detective regarding Petitioner's involvement in several controlled purchases of cocaine while he was on parole supervision for flight and escape convictions, the search of Petitioner's residence and related firearm possession, his prior felony drug conviction, and the detective's opinion that there is a connection between violence and drug dealing. *See* N.T. Bail Hearing, 11/14/25, at 8. The Commonwealth argued

that Petitioner is a danger to the community with no regard for supervision such that there are no conditions the court could place on Petitioner to prevent him from further dealing drugs and being in possession of firearms. *Id.* at 12.

At the bail hearing, the trial court expressed its agreement with the Commonwealth, noting that Petitioner was on parole for escape and flight when he was charged with the underlying crimes. *See id.* at 13. The court added that dealing cocaine is "one of the greatest harms done in our community [York City]." *Id.* The court also relied on the fact that Petitioner was found in possession of a firearm and, considering his prior history and the instant cases, concluded that releasing him would be a "danger to the community." *Id.*

In its statement of reasons in support of its bail order, the trial court reiterated its statements at the bail hearing. The court also noted that "[c]ocaine is a daily scourge in York, Pennsylvania[,] and mixing the dealing of cocaine and unlawful possession of firearms is dangerous to the community." Trial Court Statement, 11/25/25, at 2. The court opined that its conclusion was supported by the Commonwealth's witness and that its determination under the Pennsylvania Constitution—that no condition or combination of conditions could ensure the safety of the community—trumps any Rule 600 argument for nominal bail. *Id.* The court stated its familiarity with the *Talley* and Rule 523(A) factors, noting its concern with Petitioner's prior criminal record, and that he provided the Commonwealth's witness with

the same phone number used to arrange the controlled buys at issue in these cases. *Id.* at 3.

Upon review, we conclude that the trial court properly considered multiple factors consistent with *Talley*, including: the gravity of the charged offenses; Petitioner's past conduct, which, notably, includes prior convictions for escape and flight to avoid apprehension, as well as charges brought while subject to parole supervision; the bail conditions reasonably available to the court; and the threat posed by Petitioner to the community—in particular, the danger created by "mixing the dealing of cocaine and unlawful possession of firearms[.]" Trial Court Statement, 11/25/25, at 2. *See also* N.T. Bail Hearing, 11/14/25, at 13 (court noting charges at all three dockets arose while Petitioner on parole, and that dealing cocaine "one of the greatest harms done in our community").

In sum, the record reflects that Petitioner has proven himself to be a flight risk, has demonstrated his lack of amenability to supervision, has not been gainfully employed since "the first quarter of 2023," N.T. Bail Hearing, 11/14/25, at 7-8, and has repeatedly engaged in criminal drug activity that threatens the health and safety of the community. Accordingly, we can discern no abuse of discretion in the trial court's denial of bail on the basis that Petitioner presents a danger to the community. *Talley*, *supra*.

In light of the foregoing, and pursuant to *N.E.M.*'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's November 14, 2025 orders.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/22/2026